PER CURIAM.
This matter came before us on petition of The Florida Bar to amend the Integration Rule of The Florida Bar[1] and the Code of Professional Responsibility.[2] We have jurisdiction pursuant to Article V, section IS of the Florida Constitution.
The Florida Bar has asked us to adopt five proposals relating to our governance of attorneys and the delivery of legal services. Four of these — extending the law school practice program to approved legal aid organizations, allowing attorneys in practice for less than five years to serve on the Bar’s unauthorized practice of law committees, eliminating the requirement that professional service corporations file charters and annual reports with the Bar, and authorizing sole practitioners to form professional service corporations — are approved.
The Bar has also proposed amendments relative to plans for group legal services. We approve the Bar’s suggestion that the administration of these plans should not be confined to nonprofit entities. We do not approve The Bar’s proposal to shift from the Court to the Bar’s Board of Governors the administrative responsibility for regulating these plans. No compelling reason has been presented to support the Bar’s request, and we are reluctant to relinquish direct regulatory authority over this emerging area of legal responsibility. In light of this determination and section 5 of Article XIX of the Integration Rule, we do not pass on the Bar’s proposed ByLaws relative to the governance of group legal services plans.
The following amendments to the Integration Rule, the Code of Professional Responsibility and the By-Laws of The Florida Bar are approved.[3]
1. Sections 1, 3 and 5 of Article XV, Integration Rule, are amended as follows:
“1. Professional service corporations organized under Florida Statutes chapter 608 purstiant to Florida Statutes chapter 621 to practice law pursuant to the provisions of The Professional Service Corporation Act are authorized to engage in the practice of law in Florida but only while all shareholders of such corporation are active members of The Florida Bar in good standing and only while such corporation and all of its shareholders, officers, directors, agents and employees comply with the provisions of The Professional Service Corporation Act and the applicable provisions of the Integration Rule and By-Laws of The Florida Bar.
3.No person shall serve as a director of a professional service corporation engaged in the practice of law except an active member of The Florida Bar in good standing. No person shall be elected or shall serve as an executive officer of any such corporation except a *66 person who is a shareholder in such corporation. For this purpose the term 'executive officer' shall not include the secretary of a professional service corporation having only one shareholder.
in 4. A lawyer who, while acting as a shareholder, officer, director, agent or employee of a professional service corporation engaged in the practice of law, violates or sanctions the. violation of the provisions of The Professional Service Corporation Act or the Integration Rule or By-Laws of The Florida Bar specifically relating thereto shall be subject to disciplinary action.”
2. Section 4 of Article XV, Integration Rule, is deleted in its entirety.
3. Section 2 of Article XVI, Integration Rule, is amended as follows:
“2. The Florida Bar, as an official arm of this Court, is charged with the duty of investigating matters pertaining to the unauthorized practice of law. The Board of Governors of The Florida Bar shall establish a Standing Committee on Unauthorized Practice of Law and shall establish not less than one unauthorized practice of law committee in each judicial circuit. The standing committee shall supervise and be responsible for each of the circuit committees. The circuit committees shall -fen the gu-r-pose ©f ■receiving complaints and conducting receive complaints and conduct preliminary investigations of reported unauthorized practices. The membership, appointment, eligibility, terms, officers, oath, removal, quorum and vote of each -s-ach circuit committee shall be in accordance with the provisions of subsections (c) through (h) inclusive of Rule 11.03(2) in Article XI of this Rule, except that members of The Florida Bar who have been members for less than five years may serve on unauthorized practice of law committees.”
4. Section. VIII of Article XVIII, Integration Rule, is amended as follows:
“VIII. Continuation of Practice Program After Completion of the Law School Program or Graduation.
A. A law student who has completed the law school practice program and whose certification has been withdrawn by the law school dean or has graduated from a law school approved by the American Bar Association, may appear in Court pursuant to this rule if the attorney general, a state attorney, ©f a public defender or a supervising attorney of a legal aid organization approved by the Supreme Court:
1. Files a certification in the same manner and subject to the same limitations as that required to be filed by the law school deam The attorney general a -state attorney; ©f a pafehe defender- may withdraw.- This certification may be withdrawn in the same manner as provided for the law school dean’s withdrawal of his certification. The maximum term of certification shall be computed from the date of original certification by the law school dean and for those graduates who have not participated in the law school program, the maximum term shall be twelve (12) months from graduation.
2. Further certifies that he will assume the duties and responsibilities of the supervising attorney as provided by other provisions of this rule.”
5.Section 2 of Article XIX, Integration Rule, is amended as follows :
“2. Every application for approval hereunder shall affirmatively demonstrate compliance with each requirement of Disciplinary Rule 2-103(D)(5), and shall further affirmatively demonstrate compliance by that each lawyer performing or to perform legal services in conncctien with saeh appheatien shall execute an agreement with the organization; which agreement shall fee filed with By-Laws of the Board of Governors of The Florida Bar and which shah deseeibe the gen *67 eral nature ef fee legal services fe fee performed and provide feafet with the follozving conditions :
(a) Any person eligible to receive legal services under the arrangement may obtain legal services independently of the arrangement from any attorney of his choice;
(b) No unlicensed person will provide legal services under the arrangement ;
(c) Neither the organization nor any member thereof shall interfere or attempt to interfere with the lawyer’s independent exercise of his professional judgment;
(d) The person to whom the legal services are rendered, and not the organization, is the client of the lawyer;
(e) In providing legal services, the lawyer must comply with the Code of Professional Responsibility, including without limitation those provisions relating to the setting, charging, and collecting of fees, and relating to advertising;
(f) Any publicity disseminated by the organization to its members will not describe the lawyer beyond giving his name, address and telephone number, and such other information as may be required to facilitate the access of a member of the services of the lawyer;
(g) Any publicity disseminated by the organization to nonmembers will not identify the lawyer by name;
(h) No organization shall advertise or otherwise make representations to the public or its members regarding the cost of legal services which may be provided by attorneys serving members of the organization. The cost of legal services depends upon varying conditions and circumstances which preclude determination of the fee to be charged for a required service prior to the time the attorney is retained;
(i) The agreement authority of the or-ganisation under this Article will be terminated in the event of any substantial violation of the provisions of the Code of Professional Responsibility or the Integration Rule or the by-laws promulgated thereunder.
(j) Any publicity that is going to be disseminated by the organization must first be approved by The Florida Bar.”'
6. Disciplinary Rule 2-103 (D)(5) of the Code of Professional Responsibility is amended to read:

“(5) Any organization that has procured the approval of the Board of Governors of The Florida Bar to provide group legal services pursuant to Article XIX of the Integration Rule of The Florida Bar and any By-Laws promulgated thereunder.”

7. Pursuant to our deletion of Section 4 of Article XV of the Integration Rule, Article XVI of the By-Laws under the Integration Rule is deleted in its entirety and By-Laws Article XVII is renumbered to be Article XVI.
ADKINS, C. J., ROBERTS, OVER-TON and ENGLAND, JJ., and AGNER and PATTERSON, Circuit Judges, concur.

. 32 Fla.Stat.Ann. 497, as amended.

. 32 Fla.Stat.Ann. 129 (Pocket Part 1974).

. Italics indicate new material. Materials interlineated are deleted.